**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

REBECCA SMITH;

ELLEN LARSON;

JUSTINE LUND; and

JAIME and JARED BEARD, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

THE ALIERA COMPANIES, INC., formerly known as ALIERA HEALTHCARE, INC., a Delaware corporation;

TRINITY HEALTHSHARE, INC., a Delaware corporation; and

ONESHARE HEALTH, LLC, formerly known as UNITY HEALTHSHARE, LLC and as KINGDOM HEALTHSHARE MINISTRIES, LLC, a Virginia limited liability corporation.

        Defendants.

**NOTICE OF REMOVAL**

Defendant Trinity Healthshare, Inc. ("Trinity") respectfully removes to this Court the state court action described below. Removal is proper under the Class Action Fairness Act ("CAFA") because this is a putative class action with more than 100 putative class members that seeks to recover more than $5,000,000.

As expressed below, Defendants The Aliera Companies, Inc., and OneShare Health, LLC, also join in this notice of removal, and seek removal on the same basis as expressed herein.[1]

---

[1] Each of the three Defendants wish to remove this case to federal court. Because removal is of the

## NATURE OF THE CASE

1. Plaintiff Ellen Larson originally filed this lawsuit before the United States District Court for the District of Colorado on January 13, 2020, as the only individually named plaintiff and on behalf of a putative class. (*See* attached as **Exhibit A**, the First Complaint.)

2. In that action, Case No. 1:20-cv-00102-DDD-KMT,[2] Larson named as defendants The Aliera Companies, Inc., Aliera Healthcare, Inc, (collectively "Aliera") and Trinity Healthshare, Inc. Larson specifically alleged that jurisdiction was proper in the federal court. (*Id.,* ¶ 7.) Larson further alleged that the proposed class included "[h]undreds, if not thousands, of individuals in Colorado." (*Id.*, ¶ 17.)

3. On April 27, 2020, Plaintiff Larson amended her complaint and, among other changes, added Plaintiffs Justine Lund, Jaime Beard, and Jared Beard. (*See* attached as **Exhibit B**, the First Amended Complaint.) Plaintiffs, again, specifically alleged that jurisdiction was proper in the federal court. (*Id.,* ¶ 9.) Plaintiffs, again, further alleged that the proposed class included "[h]undreds, if not thousands, of individuals in Colorado." (*Id.*, ¶ 20.)

4. On May 27, 2020, the Aliera defendants moved to dismiss the amended complaint for lack of standing, and on May 29, 2020, Trinity moved to dismiss the amended complaint for lack of standing as well and for alternative relief.

5. On June 19, 2020, Plaintiffs voluntarily dismissed their lawsuit in Case No. 1:20-cv-00102-DDD-KMT.

---

entire case, each Defendant cannot separately remove and so they have joined in this single notice of removal. By removing this action, Defendants do not consent to proceeding on the merits in this forum and Defendants do not waive, but expressly preserve, their right to enforce the agreed upon dispute resolution process, which requires the claims to be resolved through individual arbitration.
[2] The Honorable Daniel D. Domenico was assigned as the Judge to this civil action.

6. On June 19, 2020, Plaintiffs filed the instant action in the district court of Boulder County, Colorado. (*See* attached as **Exhibit C**, the Complaint.) In addition to the defendants named in the prior two federal complaints, Plaintiffs have added OneShare Health, LLC, formerly known as Unity HealthShare, LLC, ("Unity") a separate and unrelated entity, as a defendant.

7. Plaintiffs allege they were sold health care sharing ministry memberships by some or all of the Defendants, and that these memberships were "inherently unfair and deceptive" insofar as they "failed to provide [Plaintiffs] with the coverage [Plaintiffs] were led to believe they would receive." (**Exhibit C**, ¶ 13.)

8. Ms. Smith alleges she enrolled in a plan in May 2018, and began making $530.10 in monthly payments, at least until May 2019. (*Id.*, ¶¶ 88, 96.) Ms. Smith further alleges that she did not receive sharing[3] to which she was allegedly entitled from Defendants in the amount of $1,156.23. (*Id.*, ¶ 98.)

9. Ms. Larson alleges she enrolled in a plan in July 2018, and made a payment of $477.44 in July 2018, and thereafter made monthly payments of $352.44 until December 2018. (*Id.*, ¶ 100.) Ms. Larson further alleges that she did not receive sharing to which she was allegedly entitled from Defendants in the amount of $54,688.58. (*Id.*, ¶ 107, App'x 26.)

10. Ms. Lund alleges she enrolled in a plan in January 2019 and made a payment of $658.87 for her first month's (January) contribution, and thereafter made monthly payments of $533.87 for the months of February and March. (*Id.*, ¶ 114.)

11. Mr. and Mrs. Beard allege they enrolled in a plan in August 2018, and made a payment of $819.32 in August 2018, and thereafter made monthly payments of $694.32 from September 2018

---

[3] Plaintiffs' Complaint repeatedly refers to "coverage," but the health care sharing ministry plans at issue offer participation in a "sharing" program, as reflected in the materials Plaintiffs attach to their Complaint and make part of the pleadings.

through September 2019. (*Id.*, ¶¶ 118-19.) The Beards further allege that they did not receive sharing for surgery required by one of their children, though they do not attach a dollar figure to this allegation. (*Id.*, ¶ 123, App'x 33.)

12.     According to Plaintiffs' allegations, Defendants materially misrepresented the scope and nature of the products and/or services they provided. (*Id.*, ¶ 1.) Based on these allegations, Plaintiffs claim they are owed: the cost of their enrollment, the amount of their denied requests for reimbursement, any other actual damages, treble damages, and reasonable attorney's fees. (*Id.*, Prayer for Relief, p. 44-46.)

13.     Plaintiffs seek to represent the following class:

> All Colorado residents who, at any time within the relevant statute of limitations, purchased a plan from Aliera and either Unity Healthshare LLC or Trinity Healthshare Inc. that purported to be a health care sharing ministry.

(*Id.* ¶ 24.)

14.     Plaintiffs further allege that this proposed class includes "[h]undreds, if not thousands, of individuals in Colorado." (*Id.*, ¶ 25.)

15.     Plaintiffs assert the following causes of action against Trinity and the other Defendants: Claim 1: illegal contract; Claim 2: Violations of the Colorado Consumer Protection Act; and Claim 3: Breach of Fiduciary Duty. (**Exhibit C**, pgs. 33-48.)

16.     Plaintiffs seek to recover from Defendants an amount equal to the amount of member contributions in Colorado, including interest; an award of treble damages; attorney's fees; and any other relief the Court determines is just. (**Exhibit C**, Prayer for Relief, pgs. 44-46.) Plaintiffs further seek injunctive relief.

17.     Plaintiffs' Complaint is an expansion of the prior action Plaintiffs filed in federal court and then dismissed, where they affirmatively asserted that all of the requirements for federal jurisdiction were met.

18. Specifically, Plaintiffs have added a new defendant and do not appear to have narrowed or limited their claims or requested relief in any way from the prior action they affirmatively brought in federal court asserting federal jurisdiction—the same jurisdiction that Defendants assert in this notice of removal.

## REMOVAL IS TIMELY

19. On June 19, 2020, Plaintiffs filed this complaint in state court in the County of Boulder, Colorado. (**Exhibit C**)

20. Plaintiffs served Trinity with the Complaint on June 23, 2020. (*See* **Exhibit D**, Service Papers.)

21. Trinity is required to file its notice of removal within thirty days of formal service, which is July 23, 2020. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

22. Because Trinity files this Notice of Removal on July 20, 2020, removal is timely.[4]

## ALL REQUIREMENTS UNDER CAFA ARE SATISFIED

**A.   Class Action.**

23. This lawsuit is an alleged class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiffs title their complaint "Class Action Complaint" and expressly seek certification of a class of Colorado residents pursuant to Colorado Rule of Civil Procedure 23. (*See* **Exhibit C**, ¶¶ 24-32.) As such, this action is brought on behalf of a class as defined by CAFA.

---

[4] Defendant Aliera was also served with the Complaint on June 23, 2020. Defendant Unity was served with the Complaint on June 29, 2020. Notice of removal is thus timely for all Defendants.

**B.      Diversity of Citizenship.**

24.     At the time this lawsuit was filed and as of the date of this Notice of Removal, a member of the proposed class of plaintiffs and a defendant are citizens of different states, satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A). Plaintiffs allege that Defendants are non-Colorado entities, and that Plaintiffs are Colorado residents. (Exhibit C, ¶¶ 1-7.) Trinity is a Delaware corporation with its principal place of business in Atlanta, Georgia. (*See id.*, ¶ 6.) Plaintiffs purport to represent a class made up exclusively of Colorado residents. (*Id.*, ¶ 24.)

**C.      Amount in Controversy.**

25.     CAFA confers original jurisdiction to the district courts of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of the class of plaintiffs is a citizen of a State different from any defendant. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012); *see also Baumann v. Chase Inv. Services Corp.*, 747 F.3d 1117, 1120 (9th Cir. 2014) (*quoting* 28 U.S.C. § 1332(d)(2)-(A)).

26.     The amount in controversy is "not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d 947, 956 (10th Cir. 2008). *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016) (Gorsuch, J.) ("At this stage, we're just trying to decide the forum for the dispute, not liability or damages. And a more aggressive inquiry into the likelihood of success on the merits would invite delays and costs more appropriately reserved for adjudicating the merits than choosing the forum."). *See also Valdez v. Metro. Prop. & Cas. Ins. Co.,* 867 F. Supp. 2d 1143, 1163-64 (D.N.M. 2012) ("The amount-in-controversy requirement is an estimate of the amount that will be put at issue in the course of the litigation.") (citation and internal quotation omitted); *Angrignon v. KLI, Inc.*, No. 9:08-cv-81218, 2009 WL 506954, at *2 n.3 (S.D. Fla. Feb. 27, 2009) ("The question is not what damages the plaintiff

will recover, but what amount is "in controversy" between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").[5]

27.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) ("'The removing party's 'burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof.'") (citation omitted).

28.     For purposes of determining the amount in controversy under CAFA, the claims of the individual class members are aggregated. 28 U.S.C. § 1332(d)(6). Here, the aggregate amount of damages and attorneys' fees sought by Plaintiffs exceeds CAFA's $5,000,000 amount in controversy requirement, exclusive of costs and interest.

29.     Here, Plaintiffs allege that there may be thousands of class members. (**Exhibit C**, ¶ 25.) Plaintiffs also allege that their claims are "typical" of the claims of these residents. (*Id.*, ¶¶ 26-27.)

30.     Plaintiffs further allege that they are legally entitled to, at minimum, reimbursement of any fees paid, as well as treble damages, and attorney's fees. (*Id.*, Prayer for Relief, p. 44-46.) Plaintiffs also allege they are entitled to reimbursement for wrongfully denied medical benefits. (*Id.*)

31.     Reasonable calculations of Plaintiffs' allegations demonstrate that the amount-in-controversy requirement is met in this case.

---

[5] Needless to say, Defendants do not believe that Plaintiffs are entitled to any damages and that they do not satisfy any of the requirements necessary to certify any class under Fed. R. Civ. P. 23. In fact, Defendants will be seeking to dismiss this suit and compel individual arbitration as this lawsuit is contrary to the dispute resolution process that each Plaintiff agreed to with the Defendants. Nevertheless, it is not the merits of Plaintiffs' claims, but the amount their claims purport to place in controversy that is relevant for purposes of determining federal subject matter jurisdiction.

### (1) Reimbursement of Membership Fees.

32. A defendant may perform reasonable calculations to determine the possible amount recoverable by a plaintiff. *Frederick*, 683 F.3d at 1247. The standard is what is *legally possible* based on what a plaintiff is putting at issue, not what is probable. *Hammond*, 844 F.3d at 912.

33. Plaintiffs seek damages in the form of reimbursement for the fees they paid to Trinity during the alleged class period. (**Exhibit C**, ¶¶ Prayer for Relief, p. 44-46.) Plaintiffs allege they paid the following fees to Trinity during the class period: $6,361 (Smith); $2,239 (Larson); $1,726.61 (Lund); $9,151.16 (Beards). (*Id.*, ¶¶ 87-125.)

34. Here, Plaintiffs allege their claims are "typical of the claims of the proposed class" and that Plaintiffs have suffered "similar injuries" as the proposed class. *(Id.,* ¶ 27.) On average, the named Plaintiffs allege that they are owed $3,442.20 in fees paid. (*Id.*, ¶¶ 87-125.) Plaintiffs allege that there are potentially thousands of class members. (*Id.*, ¶¶ 26-27.)

35. Of course, "thousands" means at least two thousand. . There are, in fact, more than two thousand Colorado members of Trinity, and there were more than two thousand Colorado members of Unity over the course of the period at issue in this case. But even applying just 2,000 total putative class members satisfies the amount in controversy requirement.  If the Court assumes an average  of $3,442.20 per putative class member in membership fees paid, and 2,000 class members, Plaintiffs have alleged damages of $6,884,000 ($3,442.20 X 2000 class members), without including treble damages, attorney's fees, or reimbursement for medical expenses.

36. While Plaintiffs allege thousands, and the actual number is greater than 2,000, even if there were only 1,000 putative class members, the amount in controversy is met. Multiplying 1,000 by $3,442.20 equals $3,442,200, before even considering Plaintiffs' requests for treble damages, attorney's fees and reimbursement for medical expenses.

37.     Based on Plaintiffs' class definition, the claim seeking reimbursement of member contributions alone exceeds the $5 million jurisdictional threshold without considering any other aspects of Plaintiffs' prayer for relief.

38.     In short, based on Plaintiffs' allegations, it is not "legally impossible" that Plaintiffs Complaint alleges damages and fees well in excess of $5 million. Accordingly, removal is appropriate.

### (2) Reimbursement for Medical Expenses.

39.     Plaintiffs each allege that they were denied sharing to which they were entitled. (*See* **Exhibit C**, ¶¶ 95, 107, 116, 123-124.) Plaintiffs seek compensation for these denials as a form of damages. (*See id.,* ¶¶ 23, 128, 137, 148, 159, 163.) Plaintiffs' medical expense allegations are somewhat ambiguous. Plaintiff Smith alleges she was wrongfully forced to pay $1,156.23. (*Id.,* ¶ 98.) Plaintiff Larson alleges she was denied sharing for medical expenses totaling $54,688.58. (*Id.*, ¶ 108, App'x 28.) Plaintiff Lund generally alleges she was entitled to reimbursement she did not receive, but she does not disclose any amounts. (*Id.*, ¶¶ 116-117.) She does, however, indicate that she was informed that she would have to pay a $5,000 deductible that she believed was unwarranted. (*Id.*, ¶ 116.) Finally, the Beards allege that they were denied sharing for an important surgery for their child, but they do not disclose any dollar amount. (*Id.*, ¶¶ 123-124.) From this, the named Plaintiffs themselves allege an average entitlement to medical reimbursement in the amount of $13,961.20, even when factoring a zero value for the Beards and Lund.

40.     Again, Plaintiffs allege that their expenses are typical of the class. (*Id.*, ¶¶ 26-27.) Although Plaintiffs do not specifically allege that any particular putative class members have been wrongly denied a sharing request for a medical expense and the Defendants maintain that they have facilitated the sharing of all eligible medical expenses of the Plaintiffs and members of the putative class, Plaintiffs are seeking and put in controversy damages for the alleged refusal to reimburse certain medical expenses and allege such harm to not just themselves, but the putative class. These allegations

must be considered in calculating what Plaintiffs are placing in controversy, and even a conservative estimate substantially adds to the amount in controversy supporting removal.

### (3) Treble Damages.

41.     As discussed above, Plaintiffs seek treble damages. Punitive and/or treble damages may be considered in determining the requisite jurisdictional amount. *Woodmen*, 342 F.3d at 1218. The defendant does not have to prove that the plaintiff is more likely than not to ultimately recover such damages, "but merely that: (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed $5,000,000 . . . The defendant may point to facts alleged in the complaint, the nature of the claims, or evidence in the record to demonstrate that an award of punitive damages is possible." *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1248 (10th Cir. 2012) (citation omitted). Here, Plaintiffs expressly seek and plead entitlement to treble damages. (**Exhibit C**, Prayer for Relief, p. 44-46.)

42.     Trinity of course disputes that Plaintiffs are entitled to or will recover such damages. In fact, the claim through which Plaintiffs seek treble damages – the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-113 – expressly prohibits class action recovery for damages. *See* Colo. Rev. Stat. § 6-1-113(2); *Carter v. Amica Mut. Ins. Co.*, No. 17-cv-2156, 2018 WL 3093320, at *8-*9 (June 22, 2018) (holding that the CCPA's plain language precludes class actions for damages and citing and discussing multiple cases holding same). However, viewing Plaintiffs' Complaint as pled, which is the standard for removal analysis, those damages should be included for purposes of determining the amount in controversy as they are part of this case at this stage of the proceeding. Moreover, Plaintiffs have pled a claim for breach of fiduciary duty. In Colorado, fiduciary duty claims may support an award of punitive damages. *See, e.g., Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1194 (Colo. App. 2009) (awarding $1,929,500 in actual damages and $630,550 in punitive damages, or approximately 32 percent of the actual damages award). Here, while Defendants do not believe there is any basis for an

-10-

award of any damages, much less punitive damages, considering the possibility of punitive damages based on the nature of Plaintiffs' claims would increase the amount in controversy even further above the $5 million threshold. In any event, as shown above, the amount in controversy requirement is satisfied in this case whether treble damages and/or punitive damages are considered or ignored.

### (4) Attorney's Fees.

43. Plaintiffs have also demanded attorney's fees. (Exhibit C, Prayer for Relief, p. 44-46.) The Tenth Circuit allows attorney's fees to be used in calculating whether CAFA's amount in controversy threshold has been met. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

44. While not specified or precisely known at this time, reasonable attorneys' fees for a putative class action of this nature would likely encompass thousands of dollars. While Defendants contest that any award of attorneys' fees would be appropriate in this case, Plaintiffs' Complaint includes a request for attorneys' fees, and by doing so, it is reasonable to conservatively estimate and assume that Plaintiffs are putting at issue at least 20% over and above the amounts discussed above for their specific claims. Plaintiffs' request for attorneys' fees should be considered in determining the amount in controversy for purposes of CAFA jurisdiction.

\* \* \*

45. Therefore, considering the allegations in the Complaint and Plaintiffs' request for compensatory damages for reimbursement of both membership fees and medical expenses, as well as Plaintiffs' request for treble damages and attorneys' fees, the amount in controversy exceeds the CAFA requirement.

### D.   Number of Proposed Class Members.

46. As required by 28 U.S.C. § 1332(d)(5), the number of members of the proposed class here is at least 100 people. (**Exhibit C**, 25 (alleging that there are, at minimum, hundreds of putative

class members).); *see also supra* at ¶ 35 (explaining that there the putative class, as defined by Plaintiffs' class allegations, far exceeds 100 members).

**E.    CAFA Applies to this Action.**

47.    CAFA applies to actions "commenced" on or after its effective date, February 18, 2005. This action was filed in June 2020, so CAFA applies.

### The Exceptions to CAFA Do Not Apply.

48.    The exceptions under CAFA do not apply because Plaintiffs allege that all defendants to this action are foreign entities, not Colorado Residents. (**Exhibit C**, ¶¶ 5-7; *see* 28 U.S.C. § 1332(d)(4)(A)(i)(II) (local controversy exception requires at least one defendant to be a citizen of the State in which the action was filed); § 1332(d)(4)(B) (home state controversy exception has the same requirement; 28 U.S.C. § 1332(d)(3) (discretionary exception also requires primary defendants to be citizens of the State in which the action was filed).

### The Other Procedural Requisites for Removal Are Satisfied.

49.    Removal is timely under 28 U.S.C. §§ 1446(b) and 1453, because the Complaint in this case is the first pleading, motion, order, or other paper from which it could first be ascertained that this action is one which is or has become removable. The Complaint was served on the first defendant on June 23, 2020 and the last defendant on June 29, 2020, and accordingly removal is timely. Removal to this Court is proper under 28 U.S.C. § 1441(a) because the United States District Court for the District of Colorado is the federal judicial district embracing the District Court for Boulder County, Colorado, where the state court action was filed. In addition, venue is appropriate here because Plaintiffs reside in this judicial district, and the alleged acts and omissions giving rise to this action occurred here. 28 U.S.C. § 1391. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit E** is a copy of the remaining state court pleadings and process in this matter. Attached as **Exhibit F** is a copy of the

notice of filing of notice of removal in the state court. Defendants have, therefore, satisfied all the requirements for removal under 28 U.S.C. § 1446 and all other applicable rules.

**F.     All Defendants Join In the Request for Removal.**

50.     Defendant Aliera is a Delaware corporation with its principal place of business in Atlanta, Georgia. (*See* **Exhibit C**, ¶ 5.) Aliera joins in this notice of removal and incorporates by reference all of the arguments and positions asserted by Trinity herein that support removal. Aliera was served with the Complaint on June 23, 2020 and notice of removal is thus timely.

51.     Defendant Unity is a Virginia corporation with its principal place of business in Irving, Texas. (*See id.*, ¶ 7.) Unity also joins in this notice of removal and incorporates by reference all of the arguments and positions asserted by Trinity herein that support removal. Unity was served with the Complaint on June 29, 2020 and notice of removal is thus timely.

Dated this 20th day of July, 2020

| BAKER & HOSTETLER LLP | SWEETBAUM SANDS ANDERSON PC |
|---|---|
| */s/ Laurin D. Quiat* | */s/ Jon F. Sands* |
| Laurin D. Quiat | Jon F. Sands |
| Matthew C. Baisley | Marilyn S. Chappell |
| 1801 California Street, Suite 4400 | 1125 Seventeenth Street, Suite 2100 |
| Denver, Colorado 80202 | Denver, Colorado 80202 |
| Tel: 303.861.0600 | Phone: (303) 296-3377 |
| Fax: 303.861.7805 | Fax: (303) 296-7343 |
| Email: lquiat@bakerlaw.com | Email: jsands@sweetbaumsands.com |
|           mbaisley@bakerlaw.com |           mchappell@sweetbaumsands.com |

*Attorneys for Defendant Trinity Healthshare, Inc.*

ALSTON & BIRD LLP

BURR & FORMAN LLP

Kyle G.A. Wallace*
Jason Rottner*
Kristen K. Bromberek*
1201 W. Peachtree Street
Atlanta, GA 30309-3424
Tel: 404-881-700
Fax: 404-253-8567
Email:  Kyle.Wallace@alston.com
           Jason.Rottner@alston.com
           Kristen.Bromberek@alston.com

*/s/ Sarah R. Craig*
Sarah R. Craig
One Tampa City Center
201 North Franklin Street, Suite 3200
Tampa, Florida 33602
Tel: 813.367.5766
Fax: 813.221.7335
Email: scraig@burr.com

*One of the attorneys for Defendant The Aliera Companies, Inc. (Formerly known as Aliera Healthcare, Inc.*

*Attorneys for Defendant OneShare Health, LLC (formerly known as Unity HealthShare LLC and as Kingdom HeatlhShare Ministries, LLC)*

* *Pro Hac Vice* applications to be filed upon docketing of notice of removal

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served on the following:

Victoria E. Lovato, Esq.
MICHAEL BEST & FRIEDRICH LLP
1776 Lincoln Street, Suite 1100
Denver, CO  80203
velovato@michaelbest.com

Patrick Bernal, Esq,
MICHAEL BEST & FRIEDRICH LLP
8300 Arista Place, Suite 300
Broomfield, CO  80021
pjbernal@michaelbest.com

                /s/ Laurin D. Quiat

LEGAL02/39918887v3