November 24, 2020

**VIA CM/ECF**
The Honorable R. Brooke Jackson
U.S. District Court for the District of Colorado
901 19th Street
Denver, Colorado 80294

> **RE:** *Smith, et al. v. The Aliera Companies, Inc., et al.*, Civil Action No. 1:20-cv-02130-RBJ, **Request for Leave to File a Motion to Stay Discovery and Pre-Trial Proceedings Pending Ruling on Motion to Compel Arbitration**

Dear Judge Jackson:

Pursuant to the Court's Order (Doc. 36) and Practice Standards, Defendants The Aliera Companies Inc., Trinity Healthshare, Inc., and OneShare Health, LLC submit this letter requesting leave to file a Motion to Stay Discovery and Pre-Trial Proceedings pending resolution of their Motion to Compel Arbitration. Defendants conferred at length with counsel for Plaintiffs on November 17, 2020, but the Parties were unable to resolve the dispute underlying the anticipated Motion. While the parties acknowledge the Court's discovery dispute procedures and have conferred extensively in the spirit of those procedures, Defendants respectfully maintain the dispute here extends beyond specific discovery requests and request that the Court accept this letter toward attempted resolution of the dispute.

Defendants filed a joint Motion to Compel Arbitration on September 28, 2020. (Doc. 50.) That Motion has now been fully briefed and is ripe for decision by the Court. (*See* Doc. 54 (Plaintiff's Response); Doc. 55 (Defendants' Reply).)

On September 29, 2020, the Court entered a Scheduling Order in this matter. (Doc. 51.) That Scheduling Order adopted Plaintiffs' proposed schedule, which included various discovery and pre-trial deadlines throughout the fall of 2020 and spring of 2021. (*Id.* at pp. 9-10.) The Court recognized that it is "defendants' position that the disputes should be arbitrated, and defendants have not waived that position by participating in the scheduling process pursuant to court order." (*Id.* at p. 1.) While the Court did not agree to Defendants' request to postpone discovery at that time—which was before Defendants had sought leave from the Court for a formal stay of the proceedings—the Court did highlight that "there has to be a separate, and expedited schedule for resolving the class certification issue, which neither party has addressed." (Doc. 51, p. 11.)

On November 5, 2020, with the Motion to Compel Arbitration fully briefed and ripe for decision, Plaintiffs served broad discovery requests—Requests for Admission, Interrogatories, and Requests for Production—directed to the merits of this matter, as well as class discovery, on all Defendants. Notably, the arbitration provisions at issue do not allow class arbitration. These extraordinarily broad discovery requests include, among others: requests related to how the federal Department of Health and Human Services construes the Trinity and Unity HCSMs; requests seeking all documents relating to Plaintiffs; all documents Aliera has provided to the Colorado Office of the Insurance Commissioner; all documents relating to the establishment of Unity and

The Honorable R. Brooke Jackson
November 24, 2020
Page 2

Trinity; all documents and agreements between Trinity and Unity; all documents related to claims submitted by *any* Colorado residents *at any time*; all documents related to *any* Colorado residents' sharing contributions *at any time*; all documents related to any dispute resolution or appeal requests filed by *any* Colorado Unity or Trinity member; all documents related to the manner in which healthcare providers are included in networks accessible by Trinity and/or Unity members.

After receiving that broad discovery, Defendants asked Plaintiffs to consent to a short stay of discovery and other pre-trial proceedings pending resolution of the now fully-briefed Motion to Compel Arbitration. During a November 17, 2020 meet and confer call, Defendants explained that, when the Scheduling Order was entered, Defendants had not presented to the Court a Motion to Stay and the legal authority supporting a stay. As a compromise, Defendants offered to produce information responsive to Plaintiffs' discovery requests related to the named Plaintiffs, without any other discovery or proceedings (e.g., summary judgment or class certification) while the Motion to Compel Arbitration is pending. While Plaintiffs suggested they might be willing to confer regarding the scope of certain class-specific discovery requests, Plaintiffs refused to limit discovery into merits issues unrelated to the named Plaintiffs. Because such discovery would eviscerate the Parties' arbitration agreement, Defendants seek relief from the Court.

**Legal Grounds for Motion to Stay**

The Federal Arbitration Act's liberal policy favoring arbitration strongly encourages a limited stay to prevent Defendants from being required to submit to full discovery, which would unnecessarily subject Defendants to "the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Cook v. Pensa, Inc.*, No. 13-CV-03282-RM-KMT, 2014 WL 1660480, at *2 (D. Colo. Apr. 25, 2014).

The Tenth Circuit has highlighted the substantial loss of arbitration rights that occur when a district court proceeds with litigation while the question of arbitrability is pending: "Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper," so continuation of proceedings while the court considers whether to compel arbitration "largely defeats" the movant's efforts to compel arbitration. *McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005) (establishing bright-line rule divesting district court of jurisdiction during appeal of denial of motion to stay arbitration).

The decision whether to stay discovery is well within the discretion of the trial court. *Bernal v. Burnett*, No. 10-CV-01917-PAB-KMT, 2010 WL 4792628, at *2 (D. Colo. Nov. 18, 2010). In deciding whether to stay of discovery, Colorado federal courts typically weigh the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Here, those factors weigh in favor of the Court

The Honorable R. Brooke Jackson
November 24, 2020
Page 3

staying discovery pending the Court's ruling on the pending motion to compel arbitration. Moreover, the arbitration agreements that Defendants seek to enforce do not allow for class arbitrations and, therefore, no class discovery. *See Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1409, 1415-18 (2018) (holding that there is no contractual basis for a class arbitration where an arbitration provision is silent or ambiguous as to whether the parties agreed to class arbitration).

In this district, where a defendant makes a well-supported argument that the claims are subject to arbitration, the interests in preserving that right to arbitration by limiting discovery and conserving judicial economy outweigh the other factors and warrant a stay. *See String Cheese Incident*, 2006 WL 894955, at *2-3. Courts in this district have recognized that requiring defendants to submit to discovery and other pre-trial proceedings prior to a ruling on an arbitration motion would unnecessarily subject them to complex federal court litigation "that they determined to avoid," and would waste judicial resources if the arbitration motion is granted. *Khoja v. DPD Sub, Inc.*, No. 15-CV-00258-WYD-KMT, 2015 WL 3862536, at *2 (D. Colo. June 22, 2015) (granting defendants' motion to stay pending resolution of motion to compel arbitration); *see also Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. 09CV02848WDMKMT, 2010 WL 1413108, at *2 (D. Colo. Apr. 1, 2010) (granting stay pending resolution of motion to compel arbitration). Those burdens are only more onerous in the class action context. *Valverde v. Xclusive Staffing, Inc.,* No. 16-CV-00671-RM-MJW, 2016 WL 8737774, at *2 (D. Colo. Nov. 4, 2016) (granting stay pending resolution of motion to compel arbitration and motion to dismiss); *Grosvenor,* 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010) (granting stay pending resolution of motion to compel arbitration and stating "the breadth of class action discovery implicated in this case if a stay were not granted would be a significantly elevated burden on Defendants").

Finally, Plaintiffs cannot justify discovery by arguing that merits discovery is not duplicative because it will also need to occur during arbitration. That argument ignores that "significantly different standards will govern discovery depending upon whether the matter proceeds in federal court or is arbitrated," and so permitting discovery in this Court pending resolution of the Motion to Compel Arbitration is neither efficient nor fair to parties that selected arbitration over litigation. *Bigben 1613, LLC v. Belcaro Group, Inc.*, No. 17-CV-00272-PAB-STV, 2017 WL 9938347, at *2 (D. Colo. Apr. 25, 2017) (granting stay).

For these reasons, Defendants respectfully request that the Court enter an Order authorizing them to file a Motion to Stay Discovery and Pre-Trial Proceedings in order to further detail their positions on this critical issue. Thank you for your attention to this matter.

Sincerely,

*/s/ Laurin D. Quiat*
Laurin D. Quiat, Counsel for Trinity Healthshare Inc.

*/s/ Kyle G.A. Wallace*
Kyle G.A. Wallace, Counsel for OneShare Health LLC

44550538 v5

The Honorable R. Brooke Jackson
November 24, 2020
Page 4

*/s/ Sarah R. Craig*
Sarah R. Craig, Counsel for The Aliera Companies Inc.

Cc: Counsel of Record